UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PETER J. MCNEIL, | Case No. 5:06-cv-111 |
| Plaintiff, | Hon. Paul L. Maloney |
| | Hon. Ellen S. Carmody |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

### Order Adopting R&R and Terminating Case

This matter was referred to the Honorable Ellen Carmody, United States Magistrate Judge, for a non-binding Report and Recommendation ("R&R").

Title 28 U.S.C. § 636(b)(1) provides, "Within ten days after being served with a copy [of an R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." Likewise, Federal Rule of Civil Procedure 72 provides that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." *See Deruso v. City of Detroit*, 121 F. App'x 64, 66 n.2 (6th Cir. 2005) ("The Rule requires parties to file objections to a magistrate's report and recommendation within ten days of the time the report is filed.") (citing FED. R. CIV. P. 72(a)).

The docket sheet indicates that the R&R issued on Thursday, July 5, 2007 and was electronically served on counsel for both parties on that date.

Federal Rule of Civil Procedure 6 begins, "In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." Thus, the ten-day objection period began on Friday, July 6, 2007.

The tenth day fell on Sunday, July 15, 2007, but Federal Rule of Civil Procedure 6 also provides, "The last day of the period so computed shall be included, *unless it is a Saturday, a Sunday, or a legal holiday* . . . in which event the period runs until the end of the next day which is not one of the aforementioned days." Emphasis added. Thus, the ten-day period for filing objections expired at midnight on Monday, July 16, 2007.

The Commissioner did not file objections until Thursday, July 19, 2007. The court finds those objections to be untimely and disregards them. *See Tangwall v. Robb*, No. 01-10008-BC, 2003 WL 23142190, at *1 (E.D. Mich. Dec. 23, 2003) (where party's objections to R&R were untimely, court stated, "[T]he failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion [considered in the R&R]."); *Johnson v. Ozmint*, 456 F. Supp. 2d 688, 694 n.2 (D.S.C. 2006) ("[T]he court does not consider the objection to the recommendation . . . , as the objection . . . was filed more than ten days after service of the R&R."); *cf. Jones v. Kolb*, 83 F. App'x 779, 780 (6th Cir. 2003) ("Since Jones did not provide good cause for filing the second set of objections so late, the court declined to consider the objections.").[1]

---

[1] *Accord Scott v. Alford*, No. 94-40486, 62 F.3d 395, 1995 WL 450216, at *2 (5th Cir. July 6, 1995) ("[D]istrict courts need not consider late objections; instead, we leave to the district courts' discretion the decision whether to allow objections after the ten day period.") (citations omitted); *see, e.g., US v. Parker*, 165 F. Supp. 2d 431, 439 (W.D.N.Y. 2001) ("[B]ecause Defendants' objections were not filed by June 8, 2001, they are untimely and the Court shall not consider them.").

In any event, neither the Commissioner's objection nor the record shows the R&R to be clearly erroneous. *See Nelson v. Smith*, 618 F. Supp. 1186, 1190 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.") (citing FED. R. CIV. P. 72, Advisory Committee Notes).[2]

Accordingly, having reviewed the pleadings and the parties' briefs, the court hereby **ADOPTS** the R&R [docket # 11], **REVERSES** the Commissioner's decision, and **REMANDS** for

---

[2]

Supreme Court precedent suggests that absent timely objections, even clear-error review of a Report and Recommendation may be unnecessary. Accordingly, numerous district judges in our circuit routinely adopt R&Rs without written analysis where the parties have not timely objected:

> "It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo *or any other standard*, when neither party objects to those findings." * * * Because neither party filed timely objections to Magistrate Judge Pepe's Report and Recommendation . . . this Court need not conduct a review.

*Brown v. US*, No. 06-14087, 2007 WL 2156283, at *1 (E.D. Mich. July 25, 2007) (Gadola, J.) (quoting *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). *See also:*

*Hart v. Ridge Tool Co.*, No. 1:06cv780, – F. Supp.2d –, 2007 WL 1983688, at *2 (N.D. Ohio July 5, 2007) (Nugent, J.);

*US v. Thornton*, No. 6:06cv459, – F. Supp.2d – , 2007 WL 1742160, at *1 (E.D. Ky. June 12, 2007) (Reeves, J.);

*US v. Stone*, No. 06cv86, – F. Supp.2d –, 2007 WL 1610499, at *1 (E.D. Ky. May 31, 2007) (Forester, J.);

*Powell v. Comm'r, Ky. Dep't of Corrs.*, No. 5:06cv32, 2007 WL 756363, at *1 (E.D. Ky. Mar. 8, 2007) (Hood, J.);

*Montalvo v. GMC*, No. 3:04cv7778, 2006 WL 1888704, at *1 (N.D. Ohio July 7, 2006) (Zouhary, J.) ("Neither party objected to the Magistrate's Report. * * * Thus, the Court declines to review the Magistrate's report.").

the Commissioner to award benefits in accordance with the R&R.

This case is **TERMINATED.**

**This order is final, but it is not appealable.** *See Harris v. Detroit Pub. Schs.*, No. 06-1476, – F. App'x –, 2007 WL 2050645, at *4 n.6 (6th Cir. July 13, 2007) ("[A] party's failure to object to the recommendations of a magistrate judge constitutes a waiver of the right to appeal.") (citing *US v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981)); *see, e.g., Ramjit v. Moore*, No. 06-3784, – F. App'x –, 2007 WL 1958628, at *1 (6th Cir. July 2, 2007) ("respondent waived this issue due to his failure to object on this ground to the magistrate judge's report and recommendation") (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985) and *US v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005)).

**IT IS SO ORDERED this 15th day of August 2007.**

                                                  /s/ Paul L. Maloney
                                                  Honorable Paul L. Maloney
                                                  United States District Judge